

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 17, 2013**

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| EARNEST R. WILLIFORD | § | CASE NO. 13-31738 |
| Debtor | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Debtor's motion to Extend the Automatic Stay and Creditor Wells Fargo Bank, N.A.'s Motion to Confirm the Automatic Stay is Terminated as to Real Property Located in Dallas County, Texas Pursuant to 11 U.S.C. § 362(c)(3)(A) (collectively, the "Motions"). The district court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1334, and this Court has constitutional authority to finally determine the extent and application of the automatic stay pursuant to 28 U.S.C. § 157(a), (b)(1), and (b)(2)(G) and the Standing Order of Reference for the United States District Court for the Northern District of Texas. This Court has personal jurisdiction over the parties and venue is proper pursuant to 28

U.S.C. § 1409.  This Memorandum Opinion and Order contains the Court's findings of fact and conclusions of law.  Fed. R. Bankr. P. 7052, 9014.

I.    FACTUAL BACKGROUND

Wells Fargo Bank, N.A. ("Creditor) alleges that it is the owner and holder of a certain U.S. Small Business Administration Note dated November 16, 1999 and executed by the Debtor in the original amount of $302,000.00 (the "Note").  According to the Creditor, on November 16, 1999, the Debtor and his wife, Susan K. Williford, executed and delivered to the Creditor a deed of trust (the "Deed of Trust") placing a first lien on certain real property located in Dallas County, Texas (the "Property").  The Creditor further alleges that on or about November 16, 2012, in response to the Debtor's default on the Note, the Creditor served the Debtor with a Notice of Default and Intent to Accelerate.  Subsequently, the Creditor alleges that as a result of continued non-payment by the Debtor, the Creditor served the Debtor with a Notice of Acceleration and Foreclosure on January 15, 2013.

The Debtor filed a Chapter 7 bankruptcy in the Northern District of Texas on February 4, 2013, in the case styled *In re Earnest R. Williford,* Case No. 13-30622-hdh (the "First Bankruptcy").  Shortly thereafter, on February 13, 2013, the First Bankruptcy was dismissed due to the Debtor's failure to file certain information with the Bankruptcy Court.  It appears that, on March 12, 2013, the Creditor again served the Debtor with notice of foreclosure.  The Debtor filed the current Chapter 11 bankruptcy case on April 2, 2013 (the "Second Bankruptcy").  The Debtor has failed to file a motion to extend the automatic stay, and consequently also failed to obtain a hearing on such a motion within 30 days of the filing of the Second Bankruptcy.

On May 7, 2013, the Creditor filed a "Motion to Confirm the Automatic Stay is Terminated."  On May 8, 2013, the Debtor filed a "Motion to Extend Automatic Stay."  The

Motions were heard on May 31, 2013.  The Court denied the Debtor's motion to extend the automatic stay to the extent that it requested a retroactive reinstatement of the automatic stay, but it took under advisement the issue of whether the operation of § 362(c)(3) terminated the entire automatic stay or only terminated the stay with respect to property of the Debtor.

## II.    RELEVANT LAW

Section 362(c)(3) provides:

> **(3)** if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--
>
> > **(A)** the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate **with respect to the debtor** on the 30th day after the filing of the later case[.]

11 U.S.C. § 362(c)(3)(A) (emphasis added).  Courts are divided as to the proper interpretation of § 362(c)(3)(A) and the phrase "with respect to the debtor."  Although the Fifth Circuit has not addressed this issue, the majority of courts hold that § 362(c)(3)(A) "applies only to the debtor and the debtor's property, and does not terminate the stay with respect to proceedings against property of the estate." *In re Scott-Hood*, 473 B.R. 133, 136 (Bankr. W.D. Tex. 2012) (citing *In re Holcomb,* 380 B.R. 813, 816 (10th Cir. BAP 2008); *In re Jumpp,* 356 B.R. 789, 797 (1st Cir. BAP 2006); *Rinard v. Positive Invs., Inc. (In re Rinard),* 451 B.R. 12, 19-20 (Bankr. C.D. Cal. 2011); *In re Alvarez,* 432 B.R. 839, 843 (Bank. S.D. Cal. 2010); *In re Graham,* 2008 WL 4628444 (Bankr. D. Or. Oct. 17, 2008); *In re Johnson,* 335 B.R. 805, 806 (Bankr. W.D. Tenn. 2006); *In re McFeeley,* 362 B.R. 121 (Bankr. D. Vt. 2007); *In re Jones,* 339 B.R. 360 (Bankr. E.D. N.C. 2006); *In re Williams,* 346 B.R. 361 (Bankr. E.D. Pa. 2006); *In re Rice,* 392 B.R. 35 (Bankr. W.D. N.Y. 2006)).  A minority of courts have concluded that "to give effect to the intent of Congress, section 362(c)(3)(A) should be read to terminate the stay not only with respect to

the debtor and the debtor's property but also with respect to property of the estate (absent a timely motion to extend the stay)." *Id.* (citing *In re Reswick*, 446 B.R. 362 (9th Cir. BAP 2011); *In re Furlong,* 426 B.R. 303 (Bankr. C.D. Ill. 2010); *In re Daniel,* 404 B.R. 318 (Bankr. N.D. Ill. 2009); *In re Curry,* 362 B.R. 394 (Bankr. N.D. Ill. 2007); *In re Jupiter,* 344 B.R. 754 (Bankr. D. S.C. 2006)).

### III.   ANALYSIS

Many courts agree that § 362(c)(3) is poorly drafted. This section of the statute has been variously referred to as "a puzzler,"[1] one which is "at best, particularly difficult to parse and, at worst, virtually incoherent,"[2] "poorly written,"[3] and "bad work product."[4] Certainly, the wording of § 362(c)(3) leaves much to be desired.

Further, this Court agrees with the minority courts that the legislative history appears to suggest that Congress intended for the entire stay to terminate on the thirtieth day after filing. As stated by the Ninth Circuit Bankruptcy Appellate Panel, "[t]he history of section 362(c)(3)(A) indicates that Congress intended it to deter second filings. For this provision to have its intended effect, it must be interpreted as terminating the automatic stay in its entirety." *In re Reswick*, 446 B.R. at 372.

However, it is well settled law that courts may not resort to legislative history when a statute's chosen language is clear. *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004). "In a statutory construction case, the beginning point must be in the language of the statute, and when a statute speaks with clarity to an issue judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished." *In re Condor Ins. Ltd.*, 601 F.3d 319, 321 (5th

---

[1] *In re Paschal*, 337 B.R. 274, 277 (Bankr. E.D. N.C. 2006).
[2] *In re Charles*, 332 B.R. 538, 541 (Bankr. S.D. Tex. 2005).
[3] *In re Baldassaro*, 338 B.R. 178, 182 (Bankr. D. N.H. 2006).
[4] *Id.*

Cir. 2010). And in this case, the Court agrees with the majority of courts that the relevant statutory language is clear. The statute's statement that the stay "shall terminate with respect to the debtor" implies a limitation upon the scope of the termination of the automatic stay. Congress knew how to terminate the entire stay, and in fact did so in the very next section of the statute:

> [I]f a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), **the stay under subsection (a) shall not go into effect upon the filing of the later case**…

11 U.S.C. § 362(c)(4)(A)(i) (emphasis added). Congress did not choose to use similar language in § 362(c)(3)(A).

And so, despite this Court's concern that the plain meaning of the words Congress chose are at odds with its intent, this Court will join the majority of courts which conclude that the plain meaning of the phrase "with respect to the debtor" limits the termination of the automatic stay to the debtor and property of the debtor.

> Section 362(c)(3)(A) as a whole is not free from ambiguity, but the words, "with respect to the debtor" in that section are entirely plain; a plain reading of those words makes sense and is entirely consistent with other provisions of § 362 and other sections of the Bankruptcy Code. Section 362(c)(3)(A) provides that the stay terminates "with respect to the debtor." How could that be any clearer?

*In re Jones*, 339 B.R. at 363.

In this case, it is undisputed that the Property is property of the estate, and the Debtor's attorney represented at the hearing on the Motions that the Debtor did not claim the Property as exempt. Therefore, the Court concludes that the automatic stay is still in effect in regards to the Property. If the Creditor desires to foreclose upon the Property, the Court will carefully consider a motion for relief from stay if one is filed.

    **SO ORDERED.**

### END OF MEMORANDUM OPINION AND ORDER ###